IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,688-01




EX PARTE JERE DAVID HINK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 8310 IN THE 31ST DISTRICT COURT
FROM GRAY COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession and
transport of a chemical with intent to manufacture a controlled substance and sentenced to twenty
years’ imprisonment. He did not appeal his conviction.
            Applicant contends that he received ineffective assistance of counsel and his plea was
involuntary. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall order Applicant’s counsel to file an affidavit responding to Applicant’s claims. In
addition, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant received ineffective
assistance of counsel and whether his plea was involuntary. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief. In addition, the trial court shall forward to this Court
a copy of any waivers, plea agreements, admonishments and/or judicial confessions relevant to the
present case. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 6, 2010
Do not publish